# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

## SENTENCING MINUTES

HON. **Rudolph T. Randa**, presiding.     Deputy Clerk: **Linda M. Zik**

DATE: **July 23, 2010   11:00 a.m.**     Court Reporter: **Heidi Trapp**

CASE NO. **09-Cr-310**     Time Called: 11:16 am.

UNITED STATES of AMERICA v. **Christian George Andrejat**

Time Concluded: 12:08 pm.

UNITED STATES by: **Gail J. Hoffman**

PROBATION OFFICER: **James P. Fetherston**

INTERPRETER:

DEFENDANT: **Christian George Andrejat**, in person, and by

ATTORNEY: **Adam C. Essling**

---

Custody Bureau of Prisons __24__ months on Count(s) __3__

Recommended Institution: __500-hour drug treatment program; facility close to Milwaukee, WI__

Supervised Release __3__ years on Count(s) __3__

Special Conditions

| | | | |
|---|---|---|---|
| ___ | Community Correctional Center for _____ | ___ | Fine/Restitution $ mo. |
| _X_ | Report in 72 hours | ___ | Financial disclosure |
| _X_ | No firearms | _X_ | No new credit charges |
| _X_ | Drug & alcohol testing - no alcohol | _X_ | Community service __60__ hrs. |
| _X_ | Not illegally possess any controlled substance | ___ | Cooperate with IRS |
| ___ | Cooperate with Child Support Enforcement | ___ | Cooperate with INS |
| _X_ | Provide DNA | _X_ | Report to Court w/Probation Officer upon release to discuss Supervised Release conditions |

Sentencing Minutes Continued

Defendant: **Christian George Andrejat**
Case No.: **09-Cr-310**

Fine: **$**

  X   Fine and costs waived

                                          X   Participate in BOP Inmate Financial
                                                                                                                                        Responsibility Program

Restitution:

Payee:


Forfeiture:

  X     Defendant remanded to custody of U.S. Marshal

       Execution of sentence stayed until _____

       Voluntary surrender to institution

  X     Defendant advised of right to appeal by court

       Court orders copy of transcript to accompany presentence report


Special Assessment:

      $100.00


Other:

Court has the addendum to the PSR and the defendant's sentencing memorandum.

Defense has an objection to the relevant conduct determination in the PSR at paragraph 93, pages 20-21. Objection is attached to the addendum.

No further objections to the factual statements in the PSR by the parties.

Sentencing Minutes Continued

Defendant: **Christian George Andrejat**
Case No.: **09-Cr-310**

Defense argues the relevant conduct. In the government's reply they state the defendant's personal use should not be included but the PSR author says personal use should be counted. They cite *United States v. Snook*. Mr. Andrejat and his girlfriend Melissa Bartelme's personal use is not related to their distribution trips. The defendant and his girlfriend's addiction increased over time. Occasionally they would sell a bag or two of heroin. They were selling sporadically, not daily. It is difficult to determine the amount sold. The personal use should not be counted.

Government addresses the text messages which provided a snap shop of what happened in that particular month for sales. One can extrapolate that sales continued which allowed them to continue their personal use. They used a portion of the heroin for personal use and the sales allowed them to continue to use. 100-400 grams is what he and Melissa Bartleme (his girlfriend) are responsible for, but closer to the 100 grams.

Defense addresses the text messages. They show the heroin sales were not daily, but instead where sporadic. Take out the personal use amounts.

Government addresses the phone records. Defendant had almost daily contact with either Christine Perkins or Keith Wilson. The defendant continued to use heroin, even after his guilty plea, which is why he is now in custody.

Court does not sustain the defendant's objection. It involved at least 100 grams, taking out the personal use. The government's burden has been met. The use was fueled by sales to support his habit. *United States v. Snook* applies. The guidelines stand: OL = 23, CHC = II, 51-63 months.

Government makes a recommendation for the low-end of the guideline range. Positive factors: defendant worked; he has a supportive family; he has led a pro-social life except for trafficking in heroin. General and specific deterrence is needed. Government recommends a low-end guideline sentence.

Defense argues for Probation in its sentencing memorandum. Follow that recommendation or impose 1-year and 1-day. Defendant's involvement was serious. He has an addiction to heroin. Defendant is 22; he has strong family support; he graduated from high school; he has a long work history at UPS, 20 months; UPS is willing to take him back. He also worked at a fast food restaurant and for his mother. His prior record is limited. No prior arrest for violent offenses. This felony will follow him for the rest of his life. That is sufficient punishment. He sought his own treatment prior to the case but was not successful. He recognizes this as a problem. He was in counseling while on bond. He also saw a psychotherapist. He has a desire to change his life and be clean. Take into consideration his acceptance of responsibility. He gave information about his activities and that of others to the government. The vast majority of the heroin purchase was for personal use for him and his girlfriend. He used on a daily basis. His purchases were small amounts. This is at the lower-end of culpability. He has been in custody since 7/1/2010 - the longest he has ever been in jail. Probation with lengthy home confinement and inpatient treatment is appropriate or impose 1-year and 1-day imprisonment. Recommend a facility close to Milwaukee, WI.

Defendant's right of elocution. Forced incarceration was the best thing that happened to him.

Sentencing Minutes Continued

Defendant: **Christian George Andrejat**
Case No.: **09-Cr-310**


Court addresses § 3553(a):
(1) Nature of offense: is a serious offense; defendant was a user but was also part of the distribution chain;
(2) History of defendant: started using drugs in 8th grade; life was dominated by drugs; now has an appreciation and a capacity to understand the effects of drug use; has a supportive family; was gainfully employed; graduated from high school; has a lot of positives;
(3) Public does not need to be protected any further from the defendant; Court does not accept the government's nor defense counsel's recommendation. 24 months imposed. This sentence reflects the serious of the offense and is just punishment. No further specific deterrence needed.